State of **MAINE**, et al., **Plaintiffs**

v.

Gale **NORTON**, et al., **Defendants**

No. **CIV.00–250–B–C.**

United States District Court,
D. Maine.

June 11, 2002.

---

Christopher C. Taub, Asst Atty General, Augusta, Paul A. Lenzini, Esq., Alexandria, VA, for Maine, State of, plaintiffs.

Catherine R. Lewers, Esq., U.S. Department of Justice, Environment & Natural Resource Division, Washington, DC, Matthew Love, Esq., U.S. Department of Justice, Environmental & Natural, Resources Div., Adam Issenberg, U.S. Dept. of Justice, Environment & Natural Resources Division, Washington, DC, for Director United States Fish & Wildlife Service, Assistant Administrator, National Marine Fisheries Service, United States Secretary of Commerce, U.S. Secretary of the Interior, defendants.

### ORDER DENYING PLAINTIFFS' MOTION TO RESOLVE PRIVILEGE ISSUES

GENE CARTER, District Judge.

This case raises a challenge to the Defendants ("the Services") decision to list a distinct population segment ("DPS") of Atlantic Salmon as endangered under the listing provisions of the Endangered Species Act ("ESA"), 16 U.S.C. § 1533. Pursuant to the Court's Revised Scheduling Order, the Services produced "all non-privileged documents that [the Services] contend constitute the administrative record," together with a "Privilege Log" describing documents that they were not producing. The log includes a short description of each withheld document and the grounds for withholding each. Now before the Court is Plaintiffs Maine Businesses' Motion to Resolve Privilege Issues to which Defendants have responded. *See* Docket Nos. 49 and 52. Specifically, Plaintiffs Maine Businesses request that the Court: (1) order production of documents over which the Defendant Services claim work product privilege; (2) order production of documents over which the Defendant Services claim deliberative process privilege; (3) set a schedule for the parties to file cross-motions for summary judgment; and (4) resolve the question whether other documents should be produced when the Court reviews the summary judgment pleadings. Plaintiffs Maine Businesses' Motion to Resolve Privilege Issues at 1–2.

The Services withheld seventy-two documents from the administrative record on the basis of FOIA's Exemption 5, specifically asserting attorney-client privilege, work product privilege, and deliberative process privilege.[1] Many of the documents are withheld on multiple grounds. In their motion, Plaintiffs Maine Businesses have requested and argued for disclosure of only those documents withheld on grounds of work product and deliberative process privilege. Because thirty-five of the documents are withheld on the basis of attorney-client privilege—a ground unchallenged and, therefore, waived by Maine Businesses—the Court will deny their Motion with respect to those documents. Remaining for decision then are thirty-six documents in Defendants' Privilege Log. Plaintiffs do not assert any specific arguments with respect to any of the withheld documents; rather, they make

---

**1.** Two other documents were withheld: one on the basis of the Privacy Act and the other on the basis of confidential business information. Plaintiffs do not seek disclosure of those two documents.

common arguments under the deliberative process and work-product privileges.

## I. DISCUSSION

This Court has recently discussed FOIA Exemption 5 stating:

Exemption 5 of the FOIA permits the withholding of "inter-agency or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5 serves the purpose of "enabl[ing] the government to benefit from 'frank discussion of legal or policy matters.'" *Federal Trade Comm'n v. Grolier, Inc.*, 462 U.S. 19, 23, 103 S.Ct. 2209, 2212, 76 L.Ed.2d 387 (1983) (citing S.Rep. No. 813, 89th Cong., 1st Sess. at 9 (1965); H.R.Rep. No. 1497, 89th Cong., 2d Sess. at 10 (1966), U.S.Code Cong. & Admin. News 1996 at 2418). Courts have interpreted this exemption to permit withholding of documents "'normally privileged in the civil discovery context,'" *Church of Scientology Int'l [v. U.S. Dept. of Justice]*, 30 F.3d 224, 236 [(1st Cir.1994)] (citing [*NLRB v.] Sears, Roebuck, & Co.*, 421 U.S. [132], 149, 95 S.Ct. [1504], 1515–16, 44 L.Ed.2d 29 (1975)), and to incorporate the attorney-client privilege, the attorney work product privilege, and the executive deliberative process privilege. *See Sears, Roebuck & Co.*, 421 U.S. at 150–55, 95 S.Ct. at 1516–18; *Providence Journal Company v. United States Dep't of the Army*, 981 F.2d 552, 557 (1st Cir.1992); *Coastal States Gas Corp.*, 617 F.2d at 862. In determining the extent to which these privileges apply under Exemption 5, a court must keep in mind that, consistent with the FOIA's goal of broad disclosure, "Congress intended

Exemption 5 to be 'as narrow[ ] as [is] consistent with efficient Government operations.'" *Grolier*, 462 U.S. at 23, 103 S.Ct. at 2212 (citing S.Rep. No. 813 at 9; H.R.Rep. No. 1497 at 10). Also consistent with its goals of broad disclosure, the FOIA provides for the disclosure of "[a]ny reasonable segregable portion of a record ... after deletion of the portions which are exempt under this subsection." 5 U.S.C. § 552(b).

*State of Maine v. United States Department of Interior*, 124 F.Supp.2d 728, 738–39 (D.Me.2000), *aff'd in relevant part*, 285 F.3d 126 (1st Cir.2002).

### A. Deliberative Process Privilege

 The most frequently invoked privilege incorporated within Exemption 5 is the deliberative process privilege, the general purpose of which is to "prevent injury to the quality of agency decisions." *Sears, Roebuck & Co.*, 421 U.S. 132, 151, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). The courts have established two fundamental requirements for the deliberative process privilege to be invoked: first, the communication must be predecisional and, second, the communication must be deliberative. *Id.* at 150–52 (deliberative process protects communications that are part of the decision-making process). The burden is on the agency to show that the information in question satisfies both requirements. *See Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 866 (D.C.Cir.1980).

 The Services have withheld eight documents on the basis of deliberative process privilege and have provided the declaration of John Oliver, Deputy Assistant Administrator for Management and Administration of the National Marine Fisheries Service, which formally asserts the deliberative process privilege.[2] Oliver's

**2.** Defendants' Privilege Log actually withholds nine documents on the basis of deliberative process privilege, but Defendants also

asserted unchallenged the attorney-client privilege for one of those documents. Thus, the Court will consider the deliberative pro-

Declaration demonstrates that the privilege applies to the documents in question. The burden then shifts to Plaintiffs to demonstrate that they have a "particularized need" for the documents that outweighs the government's interest in protecting the decisionmaking process. *See United States v. Farley,* 11 F.3d 1385, 1389 (7th Cir.1993).

Plaintiffs contend that they "have a right and a need to see" the privileged documents that have been withheld from the administrative record because those documents were before the agency at the time it made the listing decision. Under Plaintiff broad argument, no documents generated in the course of an administrative action could be maintained as privileged. Courts have consistently held that an agency may withhold production of pre-decisional documents in an administrative record on the deliberative process privilege. On this Motion, Plaintiffs Maine Businesses have failed to establish that the documents requested are necessary to the Court's review of the listing decision.

**B. Attorney Work–Product Privilege**

■ Another traditional privilege incorporated into Exemption 5 is the attorney work-product privilege, which protects documents and other memoranda prepared by an attorney in contemplation of litigation. *See Hickman v. Taylor,* 329 U.S. 495, 509–10, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Fed.R.Civ.P. 26(b)(3). Documents claimed to be exempted from disclosure may be discoverable upon a showing of "substantial need and undue hardship." Fed.R.Civ.P. 26(b)(3). The Services have

withheld thirty-seven documents on the basis of attorney work-product.[3]

■ In support of disclosure, Plaintiffs incorporate arguments made by them in previous correspondence with Defendants. *See* Motion at 7 n. 6. In that prior correspondence, the Maine Businesses asserted that the documents were not privileged because they were generated in the ordinary course of the Services' business and any privilege that may have existed was waived by the Services' disclosure of documents on the same subject matter. With respect to documents created in the ordinary course of the Services' business, a document does not lose the protection of the work-product doctrine merely because it relates in part to the proponents' regular activities—here the Services' listing decision. Rather, the question is whether the document "can fairly be said to have been prepared ... *because* of the prospect of litigation." *Logan v. Commercial Union Ins. Co.,* 96 F.3d 971, 976–77 (7th Cir.1996)(quoting *Binks Mfg. Co. v. National Presto Indus., Inc.,* 709 F.2d 1109, 1118 (7th Cir.1983)(emphasis in *Binks* )); *see also United States v. Adlman,* 134 F.3d 1194, 1197 (2nd Cir.1998). Defendants have satisfied the Court that the documents at issue were created in anticipation of the *Defenders of Wildlife* suit.

■ The Maine Businesses also argue that the documents do not fall within the protection of the work-product doctrine because they relate to the *Defenders of Wildlife* suit. In *FTC v. Grolier, Inc.,* 462 U.S. 19, 28, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983), the Supreme Court ruled that the

cess privilege for those documents where attorney-client privilege is not also a basis for withholding the document.

**3.** Defendants' Privilege Log actually withholds sixty documents on the basis of attorney work-product privilege, but Defendants also

asserted unchallenged the attorney-client privilege for twenty-three of those documents. Thus, the Court will consider the attorney work-product privilege for those documents where attorney-client privilege is not also a basis for withholding the document.

termination of litigation does not vitiate the protection for material otherwise properly catagorized as attorney work-product. In so deciding, the Court stated that "the literal language of Rule [26(b)(3) ] protects materials prepared for *any* litigation or trial as long as they were prepared by or for a party to the subsequent litigation." *Grolier*, 462 U.S. at 26 (emphasis in original). Thus, in an effort to promote effective legal representation, the prevailing view is that documents prepared in anticipation of litigation are protected from disclosure even in subsequent actions. *See, e.g., Federal Election Comm'n v. The Christian Coalition*, 179 F.R.D. 22, 24 (D.D.C.1998). The documents prepared for the purposes of the *Defenders of Wildlife* action are protected from disclosure in the instant action. Moreover, Plaintiffs have failed to show that they have a substantial need for the documents and are unable, without undue hardship, to obtain the substantial equivalent of the materials.

### C. *In Camera* Inspection of Withheld Documents

Plaintiffs alternatively argue that if the Court does not order disclosure of the documents in the Privilege Log, the Court should review all the withheld documents *in camera* and make a document-specific determination on disclosure. The Court has carefully reviewed the Privilege Log and the affidavits filed in conjunction with this Motion and finds, on the basis of that review, that Defendants have met their burden of establishing that the documents are entitled to either deliberative process or work-product protection.

### II. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Resolve Privilege Issues be, and it is hereby, **DENIED** without prejudice to the Motion being reasserted, if necessary and for good cause on the written motion of a party, after the filing of the briefs associated with the parties Motions for Summary Judgment.